1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   CARPENTERS PENSION TRUST FUND
    FOR NORTHERN CALIFORNIA,              Case No.  12-cv-01447-WHO

8                   Plaintiff,
                                          **ORDER RE ATTORNEYS' FEES**
9           v.
                                          Re: Dkt. No. 94
10  KEITH WALKER, et al.,

11                  Defendants.

12          Plaintiff Carpenters Pension Trust Fund for Northern California ("Pension Fund")

13  prevailed on two motions for summary judgment against the defendants in this case and is entitled

14  to attorneys' fees and costs under 28 U.S.C. §§ 1132(g)(2) and 1451(b).  Its motion is suitable for

15  disposition without oral argument and I VACATE the March 11, 2015 hearing.  Civ. L.R. 7–1(b);

16  FED. R. CIV. P. 78(b).  Although its motion for $250,080.00 in attorneys' fees and $4,250.71 in

17  litigation expenses is unopposed, I am reducing the fees sought by 10% because plaintiff billed for

18  six lawyers to handle a relatively uncomplicated matter, causing inevitable duplication.  I am also

19  reducing the costs because plaintiff seeks some that are not allowed under ERISA.  The Pension

20  Fund is entitled to $225,072.00 in fees and $418.50 in costs.

21                                    **BACKGROUND**

22          The Pension Fund is an employee benefit plan and a multiemployer plan as defined by the

23  Employment Retirement Income Security Act of 1974 ("ERISA").  Order (2) at 1 (Dkt. No. 90).

24  It covers employees in the building and construction industry.  *Id.* at 2.  Defendant Keith Walker

25  owned Rollie French Inc. ("RFI"), as well as defendants the Keith Walker Trust dated March 17,

26  1999, the Keith Walker Trust dated May 17, 1999, the Real Estate Leasing Business operated by

27  the Keith Walker Trust, D&B Engineered Applications, Inc. ("D&B"), and K&M Industries

28  ("K&M").  *Id.* at 1-2.  RFI filed for bankruptcy in 2005.  Order (1) at 2 (Dkt. No. 75).  RFI and the

*United States District Court*
*Northern District of California*

Pension Fund were bound by collective bargaining agreements until 2008, when RFI terminated the agreements. *Id.* When the Pension Fund notified RFI that it had been assessed withdrawal liability under ERISA of $1,726,467.00, RFI stated that it did not owe withdrawal liability payments and did not pay. *Id.* The Pension Fund brought the present action against the defendants, and I granted summary judgment on April 17, 2014 and January 16, 2015. *See* Order (1); Order (2). The Pension Fund moves for attorneys' fees and costs totaling $254,330.71. The defendants did not file an opposition.

## LEGAL STANDARD

Under ERISA, an employer's failure to pay withdrawal liability payments within the time prescribed is treated as a delinquent contribution. 29 U.S.C. § 1451(b). A prevailing plaintiff is entitled to fees and costs resulting from enforcement of delinquent contributions. 29 U.S.C. § 1132(g)(2).

District courts use the lodestar method to calculate an award of attorneys' fees. Under this method, the court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal citations and quotations omitted). A fee award calculated under the lodestar method is generally presumed to be reasonable. *Id.* at 1208-09. However, the court may adjust this figure "if circumstances warrant . . . to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

The party seeking an award of fees must establish entitlement to the award and must submit evidence that supports the hours worked and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). To determine a reasonable fee award under the lodestar method, the court may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

## I.  ATTORNEYS' FEES

The first motion for summary judgment addressed control group liability and the defendants' waiver of defenses by their failure to initiate ERISA's arbitration procedures.  *See* Order (1) at 6-9.  The second motion for summary judgment involved substantially similar issues against different defendants.  *See* Order (2) at 5-9.  Although this case was fact-intensive in that it required the Pension Fund to determine Walker's relationship to multiple corporate entities, the legal analysis was not particularly complex, especially for a law firm that specializes in ERISA matters.  I understand that counsel for the Pension Fund encountered some unexpected setbacks in prosecuting this case--of the two attorneys primarily assigned to the case, one departed from the firm and the other suffered a personal tragedy, preventing both from drafting the first motion for summary judgment.  Mot. at 5 (Dkt. No. 93).  Still and all, plaintiff is entitled to a reasonable fee for work needed for the case, not for compensation for every moment a lawyer spent on it if the work was duplicative, inefficient or unnecessary.

It was not reasonable to employ six attorneys, three of whom have over 20 years of experience, to work on this matter.  The fees motion reflects a substantial amount of hours billed by multiple experienced attorneys on matters that could have been accomplished by less senior attorneys.  *See Hernandez v. Grullense*, No. 12-CV-03257-WHO, 2014 WL 1724356, at *8 (N.D. Cal. Apr. 30, 2014) ("in light of [his] specialized knowledge and his commensurately high billing rate, [counsel] should reasonably limit his involvement to matters requiring his level of skill").  The number of attorneys working on this matter created an unnecessary amount of time billed for conferencing and strategizing.  *Id.* at *10.  Nor do I understand why it took four lawyers to draft the motion for summary judgment.

Based upon my detailed review of the Pension Fund's billing records, I find that a 10% reduction in the requested attorneys' fees is appropriate to account for the overstaffing of this case.  *See Moreno*, 534 F.3d at 1112.  I therefore reduce the lodestar amount recoverable by the Pension Fund to $225,072.00.

United States District Court
Northern District of California

## II. COSTS

The Pension Fund requests $4,250.71 in litigation expenses, including parking and attorney travel to attend court hearings, electronic research, fax filing for service of summons, overnight delivery, copying fees, and postage. Mot. at 7. The Ninth Circuit has held that costs provided to a prevailing party under the relevant sections of ERISA are limited to costs allowed under 28 U.S.C. § 1920. *Agredano v. Mut. of Omaha Companies*, 75 F.3d 541, 544 (9th Cir. 1996); *Bonilla v. KDH Backhoe Serv., Inc.*, No. C05-3259 EMC, 2007 WL 39307, at *2 (N.D. Cal. Jan. 4, 2007). As opposed to the recovery of costs under 42 U.S.C. § 1988 or 16 U.S.C. § 1540, this statute does not include costs for postage, electronic research, overnight delivery, or attorney travel. *See Good Earth Corp. v. M.D. Horton & Associates*, No. C-94-3455-CAL, 1997 WL 702297, at *10 (N.D. Cal. Aug. 4, 1997) *aff'd sub nom. Good Earth Corp. v. M.D. Horton & Associates*, 156 F.3d 1236 (9th Cir. 1998); *see also Bonilla*, 2007 WL 39307, at *3; *Ferreira v. M/V CCNI ANTOFAGASTA*, No. 204-CV-1916-MCE-DAD, 2007 WL 3034941, at *2 (E.D. Cal. Oct. 16, 2007). Therefore, the Pension Fund's recovery of litigation expenses is limited to those related to service of summons ($64.75) and copying ($353.75), or $418.50.

CONCLUSION

The Trust Fund's motion for attorneys' fees and costs is GRANTED in part and DENIED in part. The defendants shall pay the Trust Fund $225,072.00 in attorneys' fees and $418.50 in costs (totaling $225,490.50).

**IT IS SO ORDERED**.

Dated: March 9, 2015



_____
WILLIAM H. ORRICK
United States District Judge